## Smith Estate

*William R. Keen, Jr.*, for petitioner.

MacElree, P. J., November 20, 1963.—Counsel for Sophie Kish presented to the President Judge of the Orphans' Court of Chester County, Pa. the attached petition for citation incorporated herein by reference thereto.

After conference with the President Judge of the Court of Common Pleas of Chester County, this court is of opinion that it is without jurisdiction to issue the citation prayed for.

The basis for the citation avers facts from which the court is asked to conclude that a resulting trust was created by operation of law.

Section 301 (13) of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, gives to the orphans' court exclusive jurisdiction as to title to personal property, to wit:

"The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death."

The comment of the Joint State Government Commission is to the effect:

"This is intended to obviate whenever possible a preliminary dispute as to whether the Orphans' Court has jurisdiction to determine the title to the disputed property" and the further comment that there is no statutory precedent for it.

In the subject petition the personal property consisted of a special checking account in the National Bank of Chester Valley, Coatesville, Pa., in the amount of $892.15, standing to the credit of Julia K. Smith,

Julia K. Smith having died September 27, 1962, no personal representative has as yet been appointed.

Claimant, Sophie Kish, is not a decedent.

Section 301 (3) of the Orphans' Court Act of 1951, as amended, gives exclusive jurisdiction to the orphans' court concerning inter vivos trusts as to "The administration and distribution of the real and personal property of inter vivos trusts whether created before or after the effective date of this act, except any inter vivos trust created before the effective date of this act, jurisdiction of which already has been acquired by another Pennsylvania court."

Significantly, however, section 102 of the Orphans' Court Act of 1951, as amended, defines inter vivos trust. It specifically defines what is included by that designation and it specifically excludes a resulting trust created by operation of law.

We believe that we are correct in interpreting the petition of Sophie Kish as contending that a resulting trust was created between Sophie Kish and Julia K. Smith.

If so found to be the fact, pending hearing we feel constrained to conclude that the orphans' court is without jurisdiction to either determine the matter or enter any decree with respect thereto.